1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| REBECCA SCHWINDLER | ) | CASE NO. CV10-8663 DDP (MANx) |
| Plaintiff, | ) ) | Magistrate Judge Margaret A. Nagle<br>Courtroom: 580 |
| vs. | ) ) | Complaint Filed: November 12, 2010 |
| AETNA LIFE INSURANCE<br>COMPANY; FEDERAL FIRST<br>VOLUNTARY LONG TERM<br>DISABLITY PLAN and DOES 1<br>through 10, inclusive | ) ) ) ) ) | **PROTECTIVE ORDER ENTERED<br>PURSUANT TO THE PARTIES'<br>STIPULATION** |
| Defendants. | ) ) ) ) ) ) ) ) ) ) ) | |

11
12
13
14
15
16
17
18
19
20
21

| | | |
|---|---|---|
| AETNA LIFE INSURANCE<br>COMPANY, | ) ) | |
| Counter-Claimant, | ) ) | |
| vs. | ) ) | |
| REBECCA SCHWINDLER and<br>DOES 1 through 10, inclusive, | ) ) ) | |
| Counter-Defendants. | ) ) | |

22
23
24
25
26
27
28

-1-

1    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on

2  the parties' Stipulation Regarding Confidential Material Produced by Defendant

3  AETNA Life Insurance Company in Response to Plaintiff's Requests for

4  Production of Documents, Set One and [Proposed] Order Thereon ("Stipulation")

5  filed on July 18, 2011, the terms of the protective order to which the parties have

6  agreed are adopted as a protective order of this Court (which generally shall govern

7  the pretrial phase of this action) except to the extent, as set forth below, that those

8  terms have been substantively modified by the Court's amendment of Paragraphs

9  A,[1] C, E, F, G, I, L, M, and N of the Stipulation.

10    The parties are expressly cautioned that the designation of any information,

11  document, or thing as "Confidential," or other designation(s) used by the parties,

12  does not, in and of itself, create any entitlement to file such information, document,

13  or thing, in whole or in part, under seal.  Accordingly, reference to this Protective

14  Order or to the parties' designation of any information, document, or thing as

15  "Confidential," or other designation(s) used by the parties, is wholly insufficient to

16  warrant a filing under seal.

17    There is a strong presumption that the public has a right of access to judicial

18  proceedings and records in civil cases.  In connection with non-dispositive

19  motions, good cause must be shown to support a filing under seal.  The parties'

20  mere designation of any information, document, or thing as "Confidential," or

21  other designation(s) used by parties, does not -- **without the submission of**

22  **competent evidence, in the form of a declaration or declarations, establishing**

23  **that the material sought to be filed under seal qualifies as confidential,**

24  **privileged, or otherwise protectable** -- constitute good cause.

25    Further, if sealing is requested in connection with a dispositive motion or

26  trial, then compelling reasons, as opposed to good cause, for the sealing must be

27  —————————————
[1]    The Stipulation contained two paragraphs designated as paragraph A.  The
28  first paragraph A, which has been substantively modified, is now not designated
   with the letter A and is the first paragraph of the Terms of the Protective Order.

shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## <u>TERMS OF PROTECTIVE ORDER</u>

All information in documents produced in response to Plaintiff's Requests for Production Nos. 18 and 19, copies of the requests are attached hereto and incorporated herein by this reference as Exhibit A, **and deposition testimony regarding those documents or related to the subject matter of those documents,** shall be deemed **by the parties to be** "Confidential Information." The materials to be designated as Confidential pursuant to this Protective Order are

1   as follows:  Any and all information relating to AETNA's policies, procedures, and

2   guidelines relating to the computation of the cost of living adjustments and offsets

3   under the plan.

4        A.    AETNA may identify any of the above-referenced document(s)

5   as Confidential Information by stamping such document(s) with the word

6   "Confidential" and producing such information to counsel for PLAINTIFF.

7        B.    Any information or material designated as "Confidential" will

8   be handled by the receiving party in accordance with the terms of this **Protective**

9   **Order**.  Information and material designated as "Confidential" will be held in

10  confidence by the receiving party, will be used by each receiving party for

11  purposes of this action and trial only and not for any business, competitive, or

12  other purpose and will not be disclosed to, or the substance discussed with, any

13  person who is not a qualified recipient as discussed in Paragraph C.

14       C.    Except upon order of the Court or with the prior written consent

15  of AETNA, no Confidential Information shall be directly or indirectly disclosed to

16  any person(s) other than the parties, their counsel**, the Court and its personnel,**

17  and such experts, legal assistants, secretaries, and other persons who may be

18  employed by counsel for any party to assist such counsel in the preparation and

19  trial of this litigation ("qualified recipient")

20       D.    If any document or information designated as Confidential

21  Information pursuant to this Protective Order is used or disclosed during a

22  deposition in this action, the testimony regarding the document or information

23  designated as Confidential may be designated as Confidential Information by an

24  appropriate statement on the record at the time when such testimony is given (*i.e.*,

25  a statement on the record that the information is "Confidential"), or may be marked

26  "Confidential" within thirty (30) days of receipt of the transcript by written

27  notification to all counsel of record.  The portions designated as "Confidential"

28  will thereafter be bound in a separate booklet, conspicuously marked on the cover

1   thereof with the words "CONFIDENTIAL - SUBJECT OF PROTECTIVE
2   ORDER" and shall be treated as "Confidential" information or material subject to
3   this **Protective Order**.

4         If the witness and/or his or her attorney is not a qualified recipient, then
5   before the examination commences, the witness and his or her attorney each will
6   be requested to provide written confirmation that he or she will comply with the
7   terms of this **Protective Order** and **will** maintain the confidentiality of the
8   "Confidential" information or material disclosed during the course of the interview
9   or examination.  If the witness and/or his or her attorney declines to provide
10  written confirmation agreeing to the terms of this **Protective Order**, the producing
11  party has the right to adjourn the examination to promptly seek a further protective
12  order from the Court prohibiting the witness and/or his or her attorney from
13  disclosing the "Confidential" information or material.

14        E.    Before counsel for any party receiving Confidential Information
15  disseminates **to any person or entity, except the Court and its personnel,** any
16  such information, which is limited as set forth in Paragraph C above, counsel shall
17  provide the person to whom such disclosure is made with a copy of this Protective
18  Order and shall obtain the written agreement of such person to be bound by the
19  terms and conditions herein in the form attached hereto as Exhibit B.

20        F.    Whenever any document or testimony designated by AETNA
21  as Confidential Information is used or submitted to the Court in conjunction with
22  any filing or **submission** in this action by anyone other than AETNA, **the party or**
23  **entity using or submitting any such document or testimony shall seek to have**
24  **the "Confidential" document or testimony filed under seal in accordance with**
25  Central District of California Local Rule 79-5.

26        G.    Any waiver of confidentiality by AETNA under this Protective
27  Order must be made in writing or, if at a deposition or in Court, on the record.
28  Any waiver, unless expressly made general, shall be deemed limited to the

1   specified purposes of the request or proceedings involved, and shall not otherwise

2   waive any protection, **if any,** provided by this Protective Order.

3         H.    If, by inadvertence or otherwise, any Confidential Information

4   is disclosed by any party or person receiving the Confidential Information, to any

5   person not authorized to receive it under this Protective Order, then the disclosing

6   party or person shall promptly identify the recipient(s) and the circumstances of the

7   unauthorized disclosure to counsel for AETNA and use best efforts to bind the

8   recipient(s) to the terms of this Protective Order.  No information shall lose its

9   "Confidential Information" status because it was disclosed inadvertently or

10  disclosed to a person not authorized to receive it under this Protective Order.

11        I.    This Protective Order shall remain in force and effect

12  indefinitely until modified, superseded, extended, or limited by Order of this Court,

13  which may be entered pursuant to the written agreement of the parties.  This

14  Protective Order shall continue in effect after termination of this action.

15        J.    The parties hereto will be bound by the terms of this Protective

16  Order.

17        K.    This Protective Order will not abrogate or diminish any

18  contractual, statutory, or other legal obligation or right of any party or person with

19  respect to any "Confidential" information or material.  The fact that information or

20  material has been designated as "Confidential" will not make it admissible during

21  the trial of this action, absent a stipulation by the parties or a ruling by the Court as

22  to its admissibility.  The fact that any information designated "Confidential" is or

23  may be disclosed, used, or produced in discovery or at trial in this action will not

24  prohibit any party from asserting all objections and privileges, that the information:

25        (a)    Is or is not relevant, material, or otherwise admissible;

26        (b)    Is or is not confidential or proprietary to any party;

27        (c)    Is or is not entitled to particular protection; or

28        (d)    Embodies or does not embody trade secrets or confidential

research, development, or commercial information of any party.

Further, a party that receives material or information in this action that is designated as "Confidential" may not use that material or information in another legal proceeding or for any other purpose than litigating the instant action, absent written consent from the disclosing party.

L.     At the conclusion of this action, all "Confidential" information or material**, other than that filed or otherwise submitted to the Court in this action,** will, within thirty (30) days of written request of the party furnishing the information or materials, be delivered to the party that furnished the "Confidential" information and material.  All "Confidential" information not embodied in written materials, documents, or tangible items will remain subject to this Protective Order.  For purposes of this paragraph, "conclusion of this action" shall mean, as to any party, the dismissal of that party from this action by Order of Court, whether by stipulation, Request for Dismissal, or other proceeding, or final judgment as against that party after expiration of all appellate rights or the time for any such appeal.

M.     This Protective Order shall operate neither as an admission against or otherwise prejudice any contention of any party on any motion provided for herein or for any other purpose, nor shall **it** be interpreted as a waiver of any party's rights to seek modification from the Court of any or all provisions of this **Protective** Order.  In the event that any party disagrees with AETNA's designation of any document or testimony as "Confidential," counsel for the party and counsel for AETNA shall confer in good faith to resolve the dispute.  In conferring, the objecting party must explain the basis for its belief that the "Confidential" designation was not proper (via facsimile and mail) to counsel for AETNA.  If the objections are not resolved on an informal basis within twenty-one (21) days after the objecting party gives notice in writing to AETNA's counsel, the objecting party or AETNA may submit to the Court for a ruling on an appropriately noticed

1    motion.  Any disputed document or testimony shall be treated as "Confidential"

2    under this Protective Order until the Court rules otherwise.  **The burden of**

3    **establishing that any document and/or testimony has been properly**

4    **designated as "Confidential" shall be upon the designating party at all times**

5           N.    **[OMITTED]**

6           O.    Nothing in this Protective Order shall limit AETNA's use of its

7    own Confidential Information or shall prevent AETNA from disclosing its own

8    Confidential Information to any person.

9           P.    The parties agree that any violation of this Protective Order

10   may be subject to such relief as the Court deems appropriate.

11         **IT IS SO ORDERED.**

12

13   DATED:  September 8, 2011

14

15   _____

16          MARGARET A. NAGLE
     UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>EXHIBIT A</u>**

2

3
Glenn R. Kantor - SBN 122643
  E-mail: gkantor@kantorlaw.net
4
J. David Oswalt – SBN 73439
  E-mail: doswalt@kantorlaw.net
5
KANTOR & KANTOR, LLP
19839 Nordhoff Street
6
Northridge, CA 91324
Telephone: (818) 886-2525
7
Fax: (818) 350-6272

8
Attorneys for Plaintiff,
REBECCA SCHWINDLER

9

10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA

12

13

| | |
|---|---|
| REBECCA SCHWINDLER, | ) |
| Plaintiff, | )    Case No.:  CV10-8663 DDP (MANx) |
| | ) |
| VS. | )    **PLAINTIFF'S FIRST SET OF** |
| | )    **REQUESTS FOR PRODUCTION OF** |
| | )    **DOCUMENTS** |
| AETNA LIFE INSURANCE COMPANY; | ) |
| FEDERAL FIRST VOLUNTARY LONG | ) |
| TERM DISABILITY PLAN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

14

15

16

17

18

19

20

21
PROPOUNDING PARTY:        Plaintiff REBECCA SCHWINDLER

22
RESPONDING PARTY:        Defendant AETNA LIFE INSURANCE COMPANY

23
SET NUMBER:        ONE

24
        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff REBECCA

25
SCHWINDLER hereby requests that defendant AETNA LIFE INSURANCE

26
COMPANY answer the following Requests for Production of Documents, and that it

27
produce the requested documents within thirty (30) days of service hereof.

28

## DEFINITIONS

The term "DOCUMENT" or "DOCUMENTS" shall mean any record or communication which would be a "writing" within the definition of Rule 1001 of the Federal Rules of Evidence, including the original or a copy (if the original is not available) of handwriting, typewriting, printing, photocopies, photographs and any other means of recording upon any tangible thing any form of COMMUNICATION (defined below), including letters, words, numbers, pictures, sounds, symbols or combinations of these. The terms "DOCUMENT" or "DOCUMENTS" also include all drafts or non-identical copies of any other DOCUMENT.

The term "COMMUNICATION" or "COMMUNICATIONS" shall mean any record of the transmission of facts, information, statements, ideas or opinions, including any letter, memorandum, note, facsimile, electronic mail, including any memorialization of oral communications by notation, memorandum, otherwise, and including, but not limited to, "DOCUMENTS," as defined herein.

The terms "RELATING TO" or "RELATE TO" shall mean and include, with respect to, concerning, encompassing, reflecting, regarding, referring to, involving, embodying, evidencing, comprising, commenting on, responding to, discussing, describing, analyzing, evaluating, containing or constituting.

The terms "YOU" and "AETNA" shall mean and refer to defendant Aetna Life Insurance Company, and its current or former subsidiaries, parent corporations, officers, directors, employees, attorneys, agents, representatives and constituent partners, limited partners or members, or any group of them.

The term "PLAINTIFF" shall mean and refer to plaintiff Rebecca Schwindler.

The term "PLAN" shall mean the Federal First Voluntary Long Term Disability Plan.

The term "CLAIM" shall mean the long term disability benefits claim made by PLAINTIFF to AETNA under the PLAN, which is the subject of this action.

# INSTRUCTIONS

A.      Unless otherwise specified, the time period covered by these requests is January 1, 2005 to the present.

B.      In producing DOCUMENTS pursuant to these requests, YOU are required to furnish all DOCUMENTS in your possession, custody, or control that are known or available to YOU, regardless of whether those DOCUMENTS are possessed by YOU or by any of your agents, attorneys, investigators, representatives, financial advisors, consultants, or employees.  YOU must make a diligent search of your records and of other DOCUMENTS in your possession or available to YOU or your attorneys, financial advisors, consultants, investigators, and other agents or representatives.

C.      All DOCUMENTS produced in response to these requests shall be produced and numbered either (1) in the order in which they were found and with a copy of any accompanying file folder label, or (2) segregated and identified according to the numbered DOCUMENT requests to which they are responsive.

D.      With respect to any DOCUMENT that YOU content YOU are not required to produce because of an asserted privilege (which YOU  are not presently prepared to waive), for each such DOCUMENT state the: (1) date; (2) type (*e.g.,* letter, memorandum, handwritten note, etc.); (3) author or preparer; (4) addressee(s) and recipient(s); (5) general subject matter of the DOCUMENT; and (6) the privilege or other basis upon which the DOCUMENT is being withheld.

E.      Should YOU redact any portion of a DOCUMENT based upon a privilege, stamp the word "redacted" on each area of the DOCUMENT that has been redacted and include such DOCUMENT on the privilege log described in Instruction D

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that YOU contend are PLAN documents.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO PLAINTIFF or the CLAIM received, generated or maintained by YOUR claims department(s).

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO PLAINTIFF or the CLAIM received, generated or maintained by any of YOUR departments.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any third party RELATING TO PLAINTIFF or the CLAIM.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and the Office of Personnel Management RELATING TO PLAINTIFF or the CLAIM.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any representative or employee of PLAINTIFF's employer RELATING TO PLAINTIFF or the CLAIM.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS setting forth YOUR policies or procedures applicable to YOUR investigation of and decisions regarding the CLAIM, including all claim guidelines, claims memoranda or claims manuals.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO any surveillance of PLAINTIFF conducted by YOU or on YOUR behalf, including all reports, photographs or videotapes of any surveillance.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to identify the number of times YOU have utilized Dr. David Fox to conduct neuropsychological evaluations of a disability claimant either directly or indirectly through a vendor like MES Solutions.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to identify the number of times that a disability claimant's claim was terminated or denied by YOU based, in whole or in part, on a neuropsychological evaluation conducted by Dr. David Fox.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to identify all compensation paid by YOU to Dr. David Fox, either directly or indirectly through a vendor like MES Solutions, in 2007, 2008 and 2009.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to identify the number of times YOU have utilized Dr. Nick A. DeFilippis to conduct a medical review of a disability claimant either directly or indirectly through a vendor like MLS National.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS sufficient to identify the number of times that a disability claimant's claim was terminated or denied by YOU based, in whole or in part, on medical review conducted by Dr. Nick A. DeFilippis.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS sufficient to identify all compensation paid by YOU to Dr. Nick A. DeFilippis, either directly or indirectly through a vendor like MLS National, in 2007, 2008 and 2009.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS sufficient to identify the number of times YOU have utilized Dr. Choon S. Rim to conduct a medical review of a disability claimant either directly or indirectly through a vendor like MLS National.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to identify the number of times that a disability claimant's claim was terminated or denied by YOU based, in whole or in part, on medical review conducted by Dr. Choon S. Rim.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to identify all compensation paid by YOU to Dr. Choon S. Rim, either directly or indirectly through a vendor like MLS National, in 2007, 2008 and 2009.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS sufficient to identify all of YOUR policies, procedures or guidelines RELATING TO the computation of Cost of Living Adjustments under the PLAN.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO YOUR calculation of offsets to monthly benefits payable to the PLAINTIFF under the PLAN.

DATED:  April 29, 2011                    KANTOR & KANTOR, LLP


By: _____
J. David Oswalt
Attorneys for Plaintiff
REBECCA SCHWINDLER

EXHIBIT B

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on September 8, 2011 in the case of REBECCA SCHWINDLER v. AETNA LIFE INSURANCE COMPANY and FEDERAL FIRST VOLUNTARILY LONG TERM DISABILITY PLAN, Case No. CV10-8663 DDP (MANx).  I understand the responsibilities and obligations the Order imposes on persons viewing the material encompassed by the Protective Order.  I agree to comply with and to be bound by all the terms of this Protective Order.  I understand that any violation of the Protective Order by me or anyone acting under my direction may subject me to penalties for contempt of Court and/or other relief sought by a party to the above-captioned matter.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.


Date:

City and State where sworn and signed:

Printed name:

Signature: